ANDREW J. DI PAOLA et al., Constituting the Board of Appeals of the City of Glen Cove, Petitioners, *v.* JOSEPH M. REILLY et al., Constituting the Common Council of the City of Glen Cove, Respondents.

Supreme Court, Special Term, Nassau County, June 6, 1962.

*Roland A. Crowe* for petitioners. *Melvin H. Heiko* and *Richard A. Seid* for respondents.

WILLIAM R. BRENNAN, JR., J. In this proceeding pursuant to article 78 of the Civil Practice Act, the petitioners pray for an order declaring a resolution adopted by the respondents on April 24, 1962 to be illegal, and enjoining the respondents from interfering with the petitioners in the discharge of their duties as members of the Board of Appeals for the City of Glen Cove. The city's position is that the terms of the predecessors of the petitioners expired May 1, 1959; that, consequently, their hold-over terms expired on May 1, 1962; and that the appointments of the petitioners were necessarily for terms expiring on May 1, 1962.

The petitioners were appointed members of the Board of Appeals in December of 1961. They replace holdover incumbents whose terms had concededly expired on May 1, 1959. The question presented is simply whether the appointments in December of 1961 were limited to the balance of the prior holdover terms, or whether they would run for three full years from the dates of the appointments in accordance with the intention of the appointing authority.

The Board of Appeals was originally appointed pursuant to authority conferred upon the Mayor by section 81 of the General City Law. That section provides in part: " 1. The mayor * * * of any city * * * may appoint a board of appeals consisting of five members, each to be appointed for three years." No reference is made in the statute to the date of commencement of the terms of the original members or of their successors. The statute merely provides for three-year terms and gives to the Mayor the unfettered power to appoint. The section, then, is entirely unlike section 81-a of the General City Law which authorizes the local legislative body to specify terms of office.

Appropriate language applicable to this situation is contained in *People ex rel. Smith* v. *Kenyon* (241 App. Div. 177, 179–180, affd. 265 N. Y. 537): " No time is fixed by the statute for the beginning or ending of the term of any incumbent of the office of county superintendent of highways. The duration of the term of office is fixed by statute at a period of four years, but

nothing is said as to the date on which the term shall commence or terminate. *Where no time is fixed for the beginning of the term, the term of an appointee begins on the date of his appointment and each successive incumbent of the office takes it for the term or period of time fixed by law, running from the date of his respective appointment.* A new term does not commence until a new incumbent is appointed. ' It is only where the statute fails to prescribe the time when the term of office shall begin that it begins on the election or appointment.' (*Whitney* v. *Patrick,* 64 Misc. 191, 195.) There is no statutory provision that each successive term of this office shall run from the date of the ending of the previous term. Also, a board of supervisors which goes out of office before the incumbent's term ends or a vacancy occurs may not fill the office; ' an appointment to office in anticipation of a vacancy therein is good only in case the officer making the appointment is still in office when the vacancy occurs.' (*People* v. *Fitzgerald,* 180 N. Y. 269, 274.) The authority to appoint is vested in the appointing power in office when the vacancy occurs.'' (Emphasis supplied.)

The respondents urge, however, that the afore-mentioned rule is inapplicable because of the fact that the Building Zone Ordinance of the City of Glen Cove effective January 3, 1953 (art. 4, § 12) is determinative of the question. That section reads in pertinent part as follows:

'' The Board of Appeals heretofore established pursuant to the provisions of Section 81 of the General City Law is hereby continued, with all the powers and duties conferred by such General City Law.

'' Such Board shall consist of five members appointed by the Mayor, one of whom shall be a member of the Planning Board. Their terms of office shall commence on May 1st following the effective date of this ordinance and shall be for three years. The Mayor shall appoint a temporary Board of five members to serve between the effective date of this ordinance and May 1st next following.''

Under this ordinance, the respondents urge that fixed three-year terms of office commencing from May 1, 1953 were firmly established and that the holdover terms of petitioners' predecessors in office would expire on May 1, 1962. They then urge that pursuant to section 5 of the Public Officers Law the appointments of petitioners could only be for the balance of their predecessors' holdover terms.

Both the State Constitution (art. IX, § 12) and the General City Law (§ 20) empower a city to adopt local laws within stated limits provided they are not inconsistent with and are subject

to the Constitution and general laws of the State. Assuming the City Council's power to enact a local law fixing the dates of commencement of terms of members of the Board of Appeals, as was purported to be done by the Building Zone Ordinance, the court is constrained to hold that the ordinance in question did not legally do so because it is inconsistent with the provisions of section 81 of the General City Law.

That section confers upon the Mayor the power to appoint a Board of Appeals. His discretion in the selection of his appointees is unfettered. The Building Zone Ordinance limits that discretion by requiring that one of his appointees to the Board of Appeals " shall be a member of the Planning Board." Such reduction of the unlimited power conferred on the Mayor by the general law is inconsistent therewith and so beyond the power of the City Council to enact.

Moreover, the section of the Building Zone Ordinance referred to is a weak reed upon which to rely. By its very terminology the section only purports to fix the terms of office for three years subsequent to May 1, 1953. No provision is made for permanent terms following the first one. Accordingly, even were the section of the ordinance not inconsistent with the General City Law, it would, nevertheless, fail, by its terms, to apply to the present controversy.

On April 24, 1962 the City Council adopted a resolution declaring that the terms of office of the petitioners " shall terminate on May 1, 1962." Obviously, this resolution is in direct conflict with section 81 of the General City Law and must fall.

It follows that the petitioners were appointed to and properly hold their offices for terms of three years from the dates of their appointment. The resolution of April 24, 1962 is illegal, and the petition is, therefore, sustained.