■ ANDREW J. DI PAOLA et al., Constituting the Board of Appeals of the City of Glen Cove, Respondents, v. JOSEPH M. REILLY et al., Constituting the Common Council of the City of Glen Cove, Appellants.— In a proceeding pursuant to article 78 of the former Civil Practice Act: (a) to declare invalid a resolution of the Common Council of the City of Glen Cove, terminating the petitioners' terms of office as members of said city's Board of Appeals; and (b) for related injunctive relief, the members of the Common Council appeal from an order of the Supreme Court, Nassau County, made July 16, 1962 upon the court's decision, which sustained the petition, found the resolution to be "in direct conflict with Section 81 of the General City Law", and declared the resolution to be unconstitutional and void. Order reversed on the law, without costs, and petition dismissed, without costs. No questions of fact were presented or considered. We may assume, without deciding, that the court below was correct in holding that article 4, section 12 of the Building Zone Ordinance of the City of Glen Cove (relating to the city's Board of Appeals) was inconsistent with section 81 of the General City Law, in that the ordinance provided that one member of the Board of Appeals "shall be a member of the Planning Board." Nevertheless, we think it was error to hold that the invalidity of such portion of the ordinance also invalidated the commencement date fixed for the terms of office of the members of the Board of Appeals. The ordinance contained the usual separability clause which can be found in most modern legislative enactments. As Chief Judge CARDOZO observed in *People* v. *Mancuso* (255 N. Y. 463, 474) : "'The question is in every case whether the Legislature, if partial invalidity had been foreseen, would have wished the statute to be enforced with the

invalid part exscinded, or rejected altogether'". In determining the separability of a statute, the test is twofold: the Legislature must have intended that the act be separable; and the act must be capable of separation in fact (2 Sutherland, Statutes and Statutory Construction [3d ed.], § 2404). The inclusion of a separability clause raises a presumption that the Legislature intended the act to be divisible (*Williams* v. *Standard Oil Co.*, 278 U. S. 235, 242). There can be no serious doubt that the portion of the ordinance in this case, which established a commencement date for the terms of office of members of the Board of Appeals, is separable from the requirement that one member of such board " shall be a member of the Planning Board." We agree with appellants that the ordinance was intended to establish successive three-year terms beginning May 1, 1953; that the terms of the respondents' predecessors would have terminated on May 1, 1962; and that the appointment of respondents was valid only for the residue of the holdover terms of their predecessors (Public Officers Law, § 5). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur. [35 Misc 2d 269.]